UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCTAVIO HERRERIAS,<br><br>　　　　Plaintiff,<br><br>　　　　-against-<br><br>LA VECCHIA LLC, ABRUZZO DOCG, INC., and LUCA DI PIETRO,<br><br>　　　　Defendants. | **COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Octavio Herrerias ("Herrerias," or "Plaintiff"), by his attorneys Braverman Law PC, complaining of Defendants La Vecchia LLC d/b/a "Tarallucci e Vino NoMad," Abruzzo Docg, Inc. d/b/a "Tarallucci e Vino Union Square," and Luca Di Pietro (collectively referred to as "Defendants"), alleges:

## NATURE OF THE ACTION

1.　Herrerias worked for Defendants as a cook for more than two years. Throughout his employment, Defendants failed to pay Herrerias overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL"). Additionally, Defendants failed to provide Plaintiff with a wage notice upon hiring and have failed to provide accurate weekly wage statements.

2.　Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Herrerias's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the restaurants where Plaintiff Herrerias worked are located in the Southern District of New York.

## THE PARTIES

**Plaintiff Octavio Herrerias**

5. Plaintiff Herrerias resides in Queens, New York.

6. Defendants employed Herrerias primarily as a food preparer, cutting vegetables, prepping other food and cooking certain dishes, from approximately December 1, 2016 until approximately January 8, 2019.

**Defendants La Vecchia LLC and Abruzzo Docg, Inc.**

7. Defendant La Vecchia LLC owns and operates a restaurant known as "Tarallucci e Vino NoMad," located within the NoMad Hotel at 44 East 28th Street, New York, New York 10010.

8. Upon information and belief, Tarallucci e Vino NoMad is open Monday through Wednesday, 11 a.m. to 11 p.m., Thursday through Saturday, from 11 a.m. to 12 a.m., and is closed on Sundays.

9. Upon information and belief Defendant La Vecchia LLC is a domestic limited liability company organized and existing under the laws of the State of New York.

10. Upon information and belief Defendant La Vecchia LLC d/b/a maintains its principal place of business at 44 East 28th Street, New York, New York 10010.

11. Defendant La Vecchia LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Defendant La Vecchia LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Within the three years preceding the filing of this Complaint, Defendant La Vecchia LLC has had an annual gross volume of sales in excess of $500,000.

13. Defendant Abruzzo Docg, Inc. owns and operates a restaurant known as "Tarallucci e Vino Union Square," located at 15 East 18th Street, New York, New York 10003.

14. Upon information and belief, Tarallucci e Vino Union Square is open Monday 8 a.m. to 11 p.m., Tuesday through Friday, 8 a.m. to 12 a.m., Saturday, 9 a.m. to 1 a.m., and Sunday 9 a.m. to 5 p.m.

15. Upon information and belief Defendant Abruzzo Docg, Inc. is a domestic corporation organized and existing under the laws of the State of New York.

16. Upon information and belief Defendant Abruzzo Docg, Inc. maintains its principal place of business at 15 East 18th Street, New York, New York 10003.

17. Defendant Abruzzo Docg, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18. Defendant Abruzzo Docg, Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Within the three years preceding the filing of this Complaint, Abruzzo Docg, Inc. has had an annual gross volume of sales in excess of $500,000.

**Defendant Luca Di Pietro**

19. Defendant Luca Di Pietro ("Di Pietro") is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Di Pietro is sued individually in his capacity as owner, officer and/or agent of the corporate Defendants. Upon information and belief, Defendant Di Pietro possesses operational control over Defendants La Vecchia LLC and Abruzzo Docg, Inc., possesses ownership interests in Defendants La Vecchia LLC and Abruzzo Docg, Inc., and controls significant functions of Defendants La Vecchia LLC and Abruzzo Docg, Inc.

20. Upon information and belief, for a period of time estimated to be at least 6 months starting from December 1, 2016, Defendant Di Pietro hired and fired employees at Tarallucci e Vino NoMad and Tarallucci e Vino Union Square, set their wage rates, set their schedules, and directed their work duties.

21. During such period, Di Pietro was present at Tarallucci e Vino NoMad and Tarallucci e Vino Union Square as a manager.

22. Di Pietro hired Herrerias, and for a period estimated to be at least 6 months, decided Herrerias' hours and rate of pay.

23. Di Pietro has exercised sufficient control over the operations of Tarallucci e Vino NoMad and Tarallucci e Vino Union Square to be considered Plaintiff's employer under the FLSA and NYLL.

24. Upon information and belief, Defendants La Vecchia LLC d/b/a "Tarallucci e Vino Nomad" and Abruzzo Docg, Inc. d/b/a "Tarallucci e Vino Union Square" have common ownership.

25. Upon information and belief, Defendants La Vecchia LLC d/b/a "Tarallucci e Vino Nomad" and Abruzzo Docg, Inc. d/b/a "Tarallucci e Vino Union Square" share employees, including but not limited to Plaintiff Herrerias.

26.     Tarallucci e Vino Nomad and Tarallucci e Vino Union Square advertise as related enterprises on their website, https://tarallucievino.net (last accessed on May 3, 2019).

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

29.     Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff.

PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's hours worked**

31.     From approximately the beginning of December 2016 through approximately February 15, 2017, Herrerias worked at Tarallucci e Vino NoMad six days a week, from 11 a.m. to 11 p.m., usually taking off Sundays, for a total of 72 hours per week.

32.     During this period he was paid approximately $900 a week, by check.

33.     Starting on approximately February 15, 2017, and lasting until approximately June 15, 2017, Herrerias was assigned to work at both Tarallucci e Vino NoMad and Tarallucci e Vino Union Square. His hours at Tarallucci e Vino NoMad were around 48-50 per week during this period, and he would work approximately 8 hours a week at Tarallucci e Vino Union Square where he was paid $15.00 per hour.

34.     After working at Tarallucci e Vino Union Square for this period, Plaintiff Herrerias went back to working exclusively at Tarallucci e Vino NoMad.

35. From on or around June 15, 2017 until approximately February 15, 2018, Herrerias worked at Tarallucci e Vino NoMad 72 hours a week, making approximately $900.00 per week.

36. Starting in approximately February 15, 2018, until approximately June 15, 2018, Herrerias worked 5 days a week at Tarallucci e Vino NoMad, taking off Sundays and Mondays, from 11 a.m. to 11 p.m., for a total of 60 hours per week.

37. During this period, he was paid approximately $950.00 a week, by check.

38. From approximately June 15, to January 8, 2019, Plaintiff started working at 10 a.m. and would leave between 9 p.m. and 11 p.m. He was working 5 days a week, with his hours totaling between 55 and 60 hours per week, and his pay was approximately $950.00 per week.

39. Throughout his employment, Herrerias has been a covered, non-exempt employee within the meaning of the FLSA and NYLL.

40. Herrerias spent the majority of his time doing food preparation work in the kitchen.

**Defendants' Failed to Pay Overtime Wages, and Failed to Provide Paystubs or Other Required Notices.**

41. At all times relevant to this Complaint, Defendants knew that Herrerias was working more than forty hours in a workweek, but despite this fact did not pay him at the rate of one-and-one-half times his regular hourly rate for all hours over forty in a workweek.

42. Herrerias was not paid an extra hour of wages at the full minimum wage rate on days that their shifts span more than ten hours, as required by the NYLL.

43. Defendants have not furnished Herrerias with accurate wage statements with each payment of wages as required by the NYLL.

44. Defendants have not furnished Herrerias with wage notices as required by the

NYLL.

## FIRST CLAIM
(Fair Labor Standards Act — Unpaid Overtime)

45. Herrerias repeats and realleges all forgoing paragraphs as if set forth herein.

46. Defendants were required to pay Herrerias one-and-one-half times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

47. Defendants failed to pay Herrerias the overtime wages to which he was entitled under the FLSA.

48. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Herrerias overtime wages.

49. Due to Defendants' violations of the FLSA, Herrerias is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
(New York Labor Law — Unpaid Overtime)

50. Herrerias repeats and realleges all forgoing paragraphs as if set forth herein.

51. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Herrerias one-and-one-half times the regular rate of pay for all hours that he worked in excess of forty in a workweek.

52. Defendants failed to pay Herrerias the overtime wages to which he was entitled under the NYLL.

53. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Herrerias overtime wages.

54. Due to Defendants' willful violations of the NYLL, Herrerias is entitled to

recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
(New York Labor Law – Spread-of-Hours Pay)

55. Herrerias repeats and realleges all foregoing paragraphs as if set forth herein.

56. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

57. By Defendants' failure to pay Plaintiff's spread-of-hours pay, Defendants willfully violated the Section 650 *et seq.*, of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

58. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
(New York Labor Law — Wage Theft Prevention Act)

59. Herrerias repeats and realleges all forgoing paragraphs as if set forth herein.

60. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

61. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

62. Throughout Herrerias's employment with Defendants, Defendants paid him

without providing a wage statement accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

63. In violation of NYLL § 191, Defendants failed to furnish to Herrerias at the time of hiring, whenever there was a change to his rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

64. Defendants failed to furnish Herrerias with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

65. Due to Defendants' violation of NYLL § 195(1), Herrerias is entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

9

66. Due to Defendants' violation of NYLL § 195(3), Herrerias is entitled to recover from Defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants have violated the overtime wage provisions of the FLSA and the NYLL;

    b.    declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

    c.    declaring that Defendants violated the notice provisions of the NYLL and WTPA;

    d.    declaring that Defendants' violations of the FLSA and NYLL were willful;

    e.    enjoining future violations of the FLSA and NYLL by Defendants;

    f.    awarding Plaintiff damages for overtime wages and spread-of-hours pay;

    g.    awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

    h.    awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

    i.    awarding Plaintiff pre- and post-judgment interest under the NYLL;

    j.    awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    k.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 3, 2019

                                    BRAVERMAN LAW PC

                                    By: _____/s/_____
                                        Adam Braverman
                                  450 Seventh Avenue, Suite 1308
                                  New York, New York 10123
                                  Tel.: (212) 206-8166
                                  adam@bravermanlawfirm.com

                                  *Attorneys for Plaintiff Octavio Herrerias*